Evariste G. Lavigne, J.
This is a motion by defendants for a physical examination of plaintiff who seeks damages for personal injuries alleged to have been sustained as a result of defendants’ negligence.
A reading of the record discloses that this action has been at issue since June of 1966 and that a note of issue and a statement of readiness was filed by defendants on or about the 24th day of August, 1966. It further appears that this action is now on the June 1967 Jury Calendar of this court.
Defendants in their moving papers contend that a physical examination of plaintiff is a necessity and that they are entitled to the same under CPLR 3121. On the other hand, it is plaintiff’s contention that the defendants are not entitled to such relief because of the lapse of time between the filing of a note *46 of issue and a statement of readiness by the defendants as recited by the Rules of the Appellate Division, Third Department. Plaintiff contends that the statement of readiness contained in such note of issue is a clear indication that this case was ready for trial on the 24th day of August, 1966.
It appears to the court that defendants have had more than ample time in which to request a physical examination of plaintiff or, if the same was refused, seek an order for such relief instead- of waiting until the matter was placed on lie calendar for trial at the Jury Term of this court. To grant such relief at this late date could only cause further delay in the trial of the issues herein.
It has been held that a motion such as this, made 14 months after a statement of readiness was served and filed, was unreasonable and defendant was barred from obtaining such examination (Jacobs v. Peress, 23 A D 2d 483). In that particular case the application on the part of the defendant was made on the eve of the date of trial. It would seem that, unless some exceptional circumstances are demonstrated, such relief must be denied. No such circumstances have been shown to the court.
The June Jury Term of this court opens on June 12, 1967. There is nothing before this court to indicate that there should be any further delay in a trial of this case. Accordingly the motion of the defendants is denied, with costs.