Bernard F. McCaffrey, J.
This motion involves the unusual situation where the plaintiff is moving to compel the production of hospital records of the defendant.
The contention of the plaintiff is that he believes that, upon the trial of this action, the defendant will attempt to prove that the plaintiff, Michael W. Maguire, was guilty of contributory negligence in that he knowingly was a passenger in the Ano automobile while the defendant, Raymond T. Ano, was in an inebriated condition. It is respectfully submitted that, defendant, Raymond T. Ano’s hospital report will contain valuable evidence on these issues as to the Ano condition.
The plaintiff bases his belief that the defendant’s physical condition will be placed in controversy, not on the basis of any answer or actions of the defendant, but upon his own statement made in his examination before trial that the defendant, Raymond T. Ano, had imbibed beer prior to the accident, and his condition as well as the plaintiff’s knowledge thereof are vital issues as to the physical condition while driving at the time of the accident.
The defendant’s physical condition is not in controversy, nor has the defendant affirmatively put in issue his physical condition. It has been held “ sweeping physical examinations of defendants who have not affirmatively put into issue their own physical condition, [will not be permitted] merely because they have been involved in an accident, and a general charge of negligence is lodged.” (Courtney v. Olsen, 45 MisC 2d 283, 284.) Party who seeks to examine another party’s hospital records *1072 must not only show that the party’s physical condition has been placed in controversy, but also that other party has either waived his right to object on grounds of privilege or in the alternative that information sought is not privileged. (Koump v. Smith, 29 A D 2d 981)
Also, the burden of proving that a party’s mental or physical condition is in controversy is on the party seeking disclosure. In the present case attorney for the plaintiff has only stated that the “ condition of the defendant is and will be a material issue to be considered ”. This statement alone does not appear to overcome plaintiff’s burden of proof as to the “ controversy ” of the condition.
The plaintiffs filed a note of issue and statement of readiness dated September 3, 1971, in which it is stated that all necessary or proper preliminary proceedings have been completed, with no exceptions indicated and that the action was ready for trial. In Nazzo v. Bergman (54 Misc 2d 45) it was stated, where action for injuries had been at issue since June, 1966, note of issue and statement of readiness had been filed by defendants in August, 1966 and action was on June, 1967 jury calendar, defendants in May, 1967 were not entitled to conduct physical examination of plaintiff.
Therefore, though plaintiffs herein desire to obtain hospital records rather than a physical examination, they are precluded at this time from any further disclosure procedures, for upon the papers presented herein there is no showing of exceptional circumstances. (Jacobs v. Peress, 23 A D 2d 483.)
The papers submitted upon this motion are insufficient upon which to determine that defendant’s physical condition is in controversy or that he has waived the doctor-patient privilege. (See Koump v. Smith, supra.)
Therefore, the motion to compel defendant to furnish authorization for hospital records is denied.